Cite as 2021 Ark. App. 106

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-913

|  |  |
|---|---|
| DRAGAN VICENTIC, INDIVIDUALLY AND AS A MEMBER, DIRECTOR, AND OFFICER OF GREEN SPRINGS MEDICAL, LLC  APPELLANT  V.  BRUCE SIMPSON  APPELLEE | **Opinion Delivered:** March 3, 2021  APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-19-1211]  HONORABLE TED CAPEHEART, JUDGE  REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Dragan Vicentic, individually and as a member, director, and officer of Green Springs Medical, LLC, brings this interlocutory appeal challenging the Garland County Circuit Court's order granting a preliminary injunction in favor of appellee Bruce Simpson. Appellant contends that the circuit court erred in granting the injunction because Simpson failed to prove that he was a member of Green Springs Medical, LLC, and the alleged harm Simpson would suffer was not irreparable. Because of briefing deficiencies, we are unable to reach the meris of appellant's argument and instead order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5)(B)[1] provides in pertinent part that the "question–and–answer format shall not be used. In the extraordinary situations where a

---

[1](2019).

short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript." Here, over forty-five pages of the 113-page abstract contain some question-and-answer format or variation thereof. Despite counsel's contention that the "Q-and-A format [is used] to preserve nuance and interplay," it is clear that the exchanges could have been converted without losing important meaning. Thus, no extraordinary situation, as contemplated by the rule, exists. Accordingly, we order rebriefing, and pursuant to Rule 4-2(b)(3),[2] we direct counsel to file a substituted brief that cures these deficiencies within fifteen days of the date of this order. After service of the substituted brief, appellee shall have the opportunity to revise or supplement its brief, or he may choose to rely on the brief previously filed in this appeal. While we have noted the above-described deficiencies, we strongly encourage counsel to review our rules to ensure that no other deficiencies are present. Failure to file a compliant brief after the opportunity to cure the deficiencies may result in the order being affirmed for noncompliance with the rule.

Rebriefing ordered.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Culpepper Law Firm, PLLC*, by: *Ryan K. Culpepper*, for appellant.

*Gary M. Lax* and *D. Scott Hickam*, for appellee.

---

[2](2019).